# United States Court of Appeals for the Fifth Circuit

———————

No. 23-60287

———————

United States Court of Appeals
Fifth Circuit

**FILED**

January 11, 2024

Lyle W. Cayce
Clerk

Maria De La Cruz Dominguez-Alvarado,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————

Appeal from the Board of Immigration Appeals
Agency No. A206 422 916

———————————————————

Before Jolly, Engelhardt, and Douglas, *Circuit Judges*.
Per Curiam:[*]

Maria De La Cruz Dominguez-Alvarado is a citizen of Honduras who illegally entered this country. When the government initiated this removal action, Dominguez-Alvarado conceded removability, but she applied for asylum, withholding, and protection under the Convention Against Torture. She alleged that she feared being harmed in Honduras due to her status as a woman and her resistance to criminal gangs. Nevertheless, an immigration

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-60287

judge ordered her removal and denied her application, which the Board of Immigration Appeals affirmed on appeal. She now appeals that order and moves to dismiss the underlying removal action without prejudice. Both her appeal and motion are DENIED.

Because the BIA affirmed the immigration judge's decision without opinion, we will review the order under the substantial evidence test as established by the Supreme Court in *INS v. Elias–Zacarias*, 502 U.S. 478, 481 (1992). *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Under this standard, reversal is improper unless we decide, not only that the evidence supports a contrary conclusion, but also that the evidence compels it. *Id.* (quotation removed).

On appeal, Dominguez-Alvarado has abandoned her asylum and withholding claims, because she did not demonstrate that the Honduran government could not or would not protect her from persecution on account of a protected ground if she were returned to Honduras. *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Further, in the absence of evidence that she will more likely than not be tortured if repatriated, we are not compelled to reverse the denial of her application for protection. *Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017). Finally, her motion fails because she has not shown circumstances warranting dismissal of her petition for review without prejudice. *See* FED. R. APP. P. 42(B)(2); 5TH CIR. R. 42.1, 42.4.

For the foregoing reasons, Dominguez-Alvarado's petition for review and motion for dismissal without prejudice are DENIED.